**MIN HUA ZHENG, Petitioner,**

v.

**Michael B. MUKASEY, United States Attorney General,[1] Respondent.**

**No. 07–4166–ag.**

United States Court of Appeals, Second Circuit.

July 1, 2008.

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Acting Attorney General Peter D. Keisler as the respondent in this case.

David J. Rodkin, New York, NY, for Petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General, Civil Division, Susan K. Houser, Senior Litigation Counsel, W. Daniel Shieh, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. PIERRE N. LEVAL, Hon. CHESTER J. STRAUB and Hon. ROSEMARY S. POOLER, Circuit Judges.

## SUMMARY ORDER

Min Hua Zheng, a native and citizen of China, seeks review of a September 18, 2007 order of the BIA affirming the October 26, 2005 decision of Immigration Judge ("IJ") Sandy Hom denying Zheng's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Min Hua Zheng*, No. A 98 353 681 (B.I.A. Sept. 18, 2007), *aff'g* No. A 98 353 681 (Immig. Ct. N.Y. City Oct. 26, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ's decision as the final agency determination. *See, e.g., Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005). Here, Zheng failed to challenge before the BIA the IJ's finding that Zheng could relocate elsewhere in China and avoid the difficulties he feared.

The IJ denied Zheng's applications for relief in part based on this finding. In addition to the statutory requirement that petitioners exhaust the categories of relief they seek, 8 U.S.C. § 1252(d)(1), petitioners must also raise to the BIA the specific issues they later raise in this Court. *See Foster v. INS*, 376 F.3d 75, 78 (2d Cir. 2004). While not jurisdictional, this judicially imposed exhaustion requirement is mandatory. *Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 119–20 (2d Cir.2007). As such, because Zheng failed to challenge the IJ's relocation finding in his appeal to the BIA, and because the Government has raised this failure to exhaust in its brief to this Court, we decline to consider this issue. *See id.* at 124.

Because the IJ's relocation finding provided an independent basis for his denial of Zheng's asylum and withholding of removal claims, *see* 8 C.F.R.

§ 1208.13(b)(1)(i)(B); 8 C.F.R. § 1208.16(b)(1)(i)(B), we deny his petition for review with respect to those claims. *See Steevenez v. Gonzales*, 476 F.3d 114, 117–18 (2d Cir.2007)(finding that the petitioner's failure to exhaust the IJ's relocation finding was dispositive of his withholding of removal claim). Additionally, because the relocation finding was the sole basis of the IJ's denial of CAT relief, we also deny Zheng's petition for review with respect to that claim. *See* 8 C.F.R. § 1208.16(c)(3)(ii).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot.